

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By*
*ant. 29-d*
*V.C.S*

Honorable Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion No. O-3292
Re: Compensation of District
Judges of Hidalgo County
as members of the County
Juvenile Board.

Your recent request for an opinion of this department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"This office has been requested by the Commissioners Court of Hidalgo County to request an opinion of your Department with reference to the status of Hidalgo County with respect to Article 5139, Revised Civil Statutes, 1925.

"Prior to the official census of 1940 Hidalgo County had a population of less than 100,000 inhabitants. The official census of 1940 gives Hidalgo County a population in excess of 100,000.

"Hidalgo County has never contained and does not now contain a city having a population of 70,000 or more.

"Hidalgo County has in the past levied and will in the future levy the constitutional limit of 25¢ on the $100.00 valuation for general county purposes. However, 10¢ of this annual levy has been allocated to the servicing of outstanding indebtedness in pursuance of a refunding decree entered by the U. S. District Court for the Southern District of Texas, the

Honkrable Tom L. Hartley, Page 2

remaining 15¢ of the levy does not produce
sufficient revenue to defray the ordinary
governmental expenses of the county.

"By the provisions of Chapter 16 of the
Acts of the 35th Legislature, as amended by
Chapter 58 of said Acts and as further amend-
ed and continued in force by the provisions
of Chapter 139 of the Acts of the 37th Legis-
lature, in counties having a population of
100,000 or more and also containing a city
of 70,000 or more, the District Judges of
such counties were made members of a Juve-
nile Board and their salaries were increased
by the sum of $1,500.00 per year, payable out
of the general funds of such county upon order
of the Commissioners' Court. However, in
the codification of the Revised Civil Stat-
utes of 1925 the requirement that a county
contain a city having a population of 70,000
or more before such Juvenile Board would be
created and the salary of such District
Judges would be increased, was omitted from
Article 5139.

"In view of these Acts and the codi-
fication of the Revised Civil Statutes
of 1925 and Section 2 of the repealing
clause of the final title of the 1925
Revised Civil Statutes, are the District
Judges of Hidalgo County entitled to
$1,500.00 additional annual salary for
their services as members of the County
Juvenile Board?

"We are familiar with your opinion
Number O-2932 addressed to the Honorable
Tom A. Craven, County Auditor of McLennan
County with reference to the status of
McLennan County and with your ruling in
said opinion that the Commissioners' Court
has no legal basis for exercising a dis-
cretion in determining whether or not to
order the payment of the additional amount
specified in the statute. However, taking
into consideration the additional fact
that the 15¢ of the levy above referred to

Honorable Tom L. Hartley, Page 3

> does not produce sufficient revenue to
> defray the ordinary governmental expenses
> of the county, would this in any manner
> affect the right of the Commissioners'
> Court to exercise their discretion in
> ordering payment out of the general funds
> of the county?"

In view of our opinion No. 0-2932, your first question as quoted above is respectfully answered in the affirmative. What was said in that opinion is equally applicable to the question here considered.

With reference to your second question you are advised that it is our opinion that the Commissioners' Court of Hidalgo County has no legal basis for exercising its discretion in determining whether or not to order the payment of the additional amount specified in Article 5139, Vernon's Annotated Civil Statutes, regardless of the fact that the 15¢ of the levy referred to in your letter does not produce sufficient revenue to defray the ordinary governmental expense of the county. As above stated in view of our opinion No. 0-2932 and the authorities cited therein, we think that this opinion specifically answers both of the questions submitted in your inquiry as above indicated. We are enclosing a copy of this opinion for your information.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 24, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wrdell Williams
Assistant

AW:GO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY. CHAIRMAN